UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Criminal Action No. |
| v. ) | 23-10236-FDS |
| ) | |
| DAVID FINNERTY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON GOVERNMENT'S
<u>MOTION TO SUPPLEMENT THE RECORD</u>**

**SAYLOR, J.**

The government has moved, pursuant to Fed. R. App. P. 10(e), to supplement the record on appeal by instructing the clerk to docket four sets of draft proposed jury instructions that were circulated to counsel by email during the trial. For the reasons set forth below, the motion will be granted.

By way of background, it is this Court's practice to circulate draft jury instructions to counsel at various points in the course of a trial. Such drafts are circulated by email, typically in the late afternoon or early evening of a trial day. Each draft bears watermarks and headers indicating that the documents are drafts and setting forth the date and time of the draft. The lawyers are then provided periodic opportunities during the trial to comment on those drafts, outside the presence of the jury, prior to the charge conference at the close of the evidence.

The purpose of the practice is to permit counsel to have a more substantial opportunity to consider the proposed jury instructions, and to make objections or requests for additions or clarifications, than would be possible by providing the parties a single such opportunity at the charge conference. An additional benefit of the practice is that the final charge conference is

substantially streamlined, which avoids unnecessary delays and inconvenience, particularly to the jury. The initial draft may be little more than a cut-and-paste version of standard instructions, whereas succeeding drafts are more polished and tailored to the specific requirements of the case.

The Court followed its normal practice here. It circulated by email four different versions of proposed jury instructions: on May 21 at 4:38 p.m.; on May 22 at 3:33 p.m.; on May 23 at 3:48 p.m.; and on May 27 at 5:05 p.m. The Court and the parties discussed aspects of those drafts at various points in open court, all of which discussions are part of the record. Neither party asked that any draft be marked for identification or otherwise be made part of the record.

The government has now moved under Fed. R. App. P. 10(e) to supplement the record on appeal to include the four draft sets of instructions. Under the Federal Rules of Appellate Procedure, the "record on appeal" includes "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a). The First Circuit has indicated that this definition extends at least to "all papers presented to the district court and filed in the record and all papers filed by the district court itself." *Toucet v. Maritime Overseas Corp.*, 991 F.2d 5, 8 n.1 (1st Cir. 1993). And it has suggested that the definition may reach as far as all records that "were before the district court" and that "the district court had an opportunity to examine." *Belber v. Lipson*, 905 F.2d 549, 551 n.1 (1st Cir. 1990).

Fed R. App. 10(e)(2) provides in relevant part as follows:

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     . . .
>     (B) by the district court before or after the record has been forwarded; . . . .

2

Defendant opposes the motion, contending in substance that Rule 10(a) does not facially apply to the draft instructions, and noting that the government had an opportunity to request that the draft instructions be made part of the record, but failed to do so.

While the rules admittedly do not contemplate the specific circumstances presented here, it nonetheless seems clear that the draft instructions were documents that were presented to the parties during the course of the trial and therefore ought to be made part of the record if either party so requests.  It is true that their relevance to any appeal is highly doubtful.  A draft set of instructions that has been superseded, and never given to the jury, is of little, if any, importance. Moreover, any party who disagrees with the content of a particular instruction, or the failure to give a required instruction, must interpose an objection to the final jury instructions (that is, the version settled upon by the Court at the charge conference and delivered to the jury) or be deemed to have waived that objection.  *See* Fed. R. Crim. P. 30(d).  And the inclusion of the four drafts will add considerable volume to the record, which appears to be entirely unnecessary.

In any event, there is no real likelihood of prejudice if the motion is granted, and granting it will make the record complete.  The Court will therefore grant the motion pursuant to Fed. R. Civ. P. 10(e).

Accordingly, and for the foregoing reasons, the government's motion to supplement the record is GRANTED.

**So Ordered.**

Dated:  January 23, 2026

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge